UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: 12 CR 50044 |
| | ) |
| MICHAEL FLOURNOY | ) |
| | ) |
| Defendant. | ) |

*FILED*

MAR 0 1 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## MOTION FOR RETURN OF SEIZED PROPERTY RULE 41(g)

The defendant, Mr. Flournoy, Michael (Self Represented), pursuant to Rule 41(g) of the

Federal Rules of Criminal Procedure, supported by attached Memorandum of Law; Affidavit;

and Exhibits 1-5, respectfully requests this Honorable Court order his property to be returned

based on the following:

1. On 10/9/14 defendant filed Affidavit and Memorandum (246) requesting return of
   personal property.

2. On 10/16/14, the court denied without prejudice (247) pending appeal said motion to
   return.

3. Defendant has been named party to several civil suits in Cook County Chancery Court
   relating to his prior employment for Mizan Group, Inc. as General Contractor (Ex. A),

namely Mizan Group, Inc. v. Collins et al. case #11 CH 12697; Mizan Group, Inc. v.

IMAN case # 12 CH 21679; Mizan Group, Inc. v. McCastle 12 CH 43298

4. Defendant has not been able to escape liability for funds not paid for services rendered to
   his employer in the amount exceeding $150K thus far and has increased this amount by
   $45K on 2/23/2017, due to ill advice from court appointed counsel Jill M. Tranel (in
   court for review of exhibits requested).

5. Defendant has evidence in the phone issued by his employer (Ex. 3) which relieves him
   from liability from all funds and also provides proof of relief due to him which he intends
   to pursue before the District Court of the United States (See Ex. 3, No 4 APPLE
   IPHONE, model #SCH-U365-FCC ID#BCG-E2430A)

6. Defendant requests that this Honorable Court orders that the item named in # 5 above be
   released immediately and that the government be given a set time to return all other
   property listed in attached exhibits 1-4/affidavit without further delay.

Wherefore Defendant prays this honorable court grants said Motion for Return and afford
him opportunity to have, on his behalf, said evidence returned to his employer to be considered
in interest of his liberty, in relation to the 2/23/2017 Court Order, before the Honorable Judge
Nixon and remaining causes under jurisdiction under the State of Illinois, Cook County
Chancery Division, that said evidence may be considered in the settlement(s) recorded,
increasing the Defendant's debts/liability; appeal is no longer pending.

Respectfully submitted,

/s/Michael Flournoy/February 2017

**MICHAEL FLOURNOY** #250971
Ogle County Jail
PO BOX 217
Oregon, Illinois 61061

AFFIDAVIT

I Mr. Flournoy, Michael E., under the peanilty of perjury do sware the information stated herein is to the best of my knowledge true and verifiable.

1. on 7/30/12 the listed items attached were seized from me by the Winnebago County Sheriff Department (ex.1).

2. on 7/31/12 I was released from the custudy of WCSD by way and reason of "dismissed" charges by order of trial Judge in State Court (ex.D).

3. Also taken into possesion under File # 245C-CG-131756 (ex.4), on 7/31/12 are items requested to be returned; #4] Eye on surveillance camera recorded, serial # 808BB09A 00080; #5] commercial lease for 3950 E. 105th ST..

4. A search warrant was issued for the cell phones that were taken from my car in search of evidence that would support violation(s) of Title 21 § 843, "phone count". The warrant stated the items to be seized (ex.3) were only items that would support the violation of § 843, while the Grand Jury did not indite me on this charge, items were siezed from Julie Dodd and returned to her as stated in ex. 3. Namely: #1 Samsung Flip-style, model# SCH-U365, HEX # A00000392A01F6; #3 Samsung Galaxy, model# SGH-1897, serial# R2B159302M; #4 APPLE I-PHONE, model# A1387, FCC ID# BCG-E2430A; #5 Samsung Flip-style, model# SCH-U365, HEX # A00000392A80F5. All lawfully owned property of Mr. Flournoy, which has been requested to be returned.

5. During the month of Augest, 2012, I, through my family members contacted the WCSD, requesting the return of my personal property and was told that they(WCSD) did not have

any property that belonged to me.

6.on 9/16/13 I was informed by then retained counsel that the government had taken possession of said items from Julie Dodd of the WCSD on 7/11/13, as stated in ex.2 by the FBI.

7. on 7/10/14 by way of certified mail, Article# 7014-0150-001-4719-0202, these items(ex.1) were requested to be returned through a letter to the FBI Rockford Office located at 308 W. State St. STE 350, Rockford, Il. 61101.

8. No subponea or warrant was issued for any items listed, that is in the custody of the government, as testified by Agent Heartherman, at the sentencing hearing on 6/11/14, by any judge, at anytime.

9. The Government has no reason to hold any of these personal items for any reason what so ever, nor had they any reason to take them from the WCSD, as the WCSD did not justly possess them after 7/31/14. These items need to be returned as soon as possiable.

10. The government has not requested the forfeiture of any of the listed items above, nor has the court so ordered(Ex.5) that such items be forfeited, nor has Mr. Flournoy given up any rights to such property.

Respectfully submitted.

/s/ Mr., Flournoy, Michael E.

_Mr. Flournoy, Michael E._ 2/21/2017

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT
ILLINOIS

Mr. Flournoy, Michael E.

V.                                No.12-CR-50044

UNITED STATES

MEMORANDUM IN SUPPORT OF Fed.R.Crim. P.41(g) MOTION
FOR RETURN OF SEIZED PROPERTY

1. Rule 41(g) provides that, "A person aggrieved by an
unlawful search and seizure of property or by the deprivation
of property may move for the property return. The motion must
be filed in the district where the property was seized. The
court must receive evidence on any factual issue necessary to
decide the motion. If it grants the motion, the court must
return the property to the Movant, but may impose reasonable
conditions to protect access to the property and its use in
later proceedings."

2. The 7th Cir., in 2007 further stated in Suggs v.
United States, that "Fed.R.Crim.P. 41(g) is not proper basis
to seek the return of property forfeited during a criminal
proceeding on direct appeal, and if not raised then, it is
waived. Where property is forfeited as part of a defendant's
criminal sentence, and the defendant does not challenge that
forfeiture in his direct appeal, he cannot do so later by way
of R.41(g) motion.

3. United States v. Pinson, Lexis 3640 (2004), "In
general, seized property must be returned after criminal
proceedings have terminated."

See also Stuart v. Rech, Lexis 9196, 7th Cir.2010,

"The only relief that can be obtained under Fed.R.Crim.P.41(g) is a return of property."

4. Mr. Flournoy also seeks the return of this "property held an unreasonable amount of time without the institution of proceedings that would justify the seizure and retention of the property. The rule can also be invoked after criminal proceedings have concluded to recover the defendants property when the property is no longer needed as evidence- unless, of course, it has been forfeited in the course of those proceedings. Okoro v. Callaghan, supra, 324 F.3d at 490.

5. No statute of limitations governs motions for return of property under Rule 41(g)." As so clearly put in U.S. v. Sims, Lexis 15411 (7th Cir.2004)

1. It has long been held that the Government is required to return subpoenaed or seized property at the conclusion of the criminal proceeding for which the evidence was gathered. This general principle was recognized by the Supreme Court in United States v. Wallace & Tiernan Co., 336 U.S. 793,800,69 S.Ct. 824, 93 L.Ed. 1042(1949), a case in which the indictment was dismissed because of an illegally constituted grand jury, and in which the Court found:

[D]ismissal of the pending indictment after holding the grand jury illegal created a situation where Appellee were entitled to return of their papers as a matter of course.(Emphasis supplied).

2. Indeed, this has been the unchallenged rule in the Second Circuit for more than a half-century. In re Brenner, 6 F.2d 425,426-427(2d Cir. 1925).

3. The other Circuits also adhere closely to the rule. For example, in United States v. Wilson, 540 F.2d 1100, 1103 (D.C. Cir. 1976), the Court observed:

[I]t is fundamental to the integrity of the criminal justice process that property involved in the proceeding, against which no Government claim lies, be returned promptly to its rightful owner. Therefore, the district court has both the jurisdiction and duty to return such property.

a. The District of Columbia Circuit has decreed:

We hold that the district court, once its need for the property has terminated, has both the jurisdiction and the duty to return the contested property here regardless and independently of the validity or invalidity of the underlying search and seizure. It is unnecessary to examine the Government's position on [former] Rule 41(e) [now see Fed.R.Crim.P.41(g)]. Property which is seized in a criminal proceeding either by search warrant or subpoena may be ultimately disposed of by the court in that proceeding or in a subsequent civil action. It makes fro an economy of judicial effort to have the matter disposed of in the criminal proceeding by the judge that tried the case. Id.at 1103-1104.

b. Likewise, in McSurely v. Ratliff, 398 F.2d 817, 818 (6th Cir. 1968), the Court held:

The single issue now before this Court is whether the District Court erred in refusing to return to their owners documents which were seized in aid of a prosecution under an unconstitutional statue, now that the time for appeal has expired. We conclude that this question must be answered in the affirmative. The business of the District Court in this

case has been completed. The right of the Court to retain
possession of the seized documents, which include no
contraband, has expired.(Emphasis supplied).

6. After the entry of a final judgment, there is no
further right or claim thereof for "any source of further
criminal evidence, that would support some Grand Jury at some
point, or might by objects that the government would use to
support an argument to that grand jury to indict the
individual, and they might use at a possible future trial.
"The government wishing to save its self the inconvenience of
waiting to see if any of those events transpire and then
seeking subpoenas, prefers to hold onto papers, business
diaries, personal checks and other private material of a
citizen. This simply cannot be done. When an individual has
been released from criminal jeopardy and the indictment
against him expires, he is entitled to the return of his
papers and other materials "as a matter of course." United
States v. Wallace & Tiernan Co., 336 U.S. 793, 800, 69 S.Ct.
824, 93 L.Ed. 1042(1948).

7. In United States v. Stevens (7th Cir.2007) The
Court stated:

"Whether the Government still possesses the property
at issue is a question of fact. Fed.R.Crim.P.41(g) provides
that the court must receive evidence on any factual issue
necessary to decide the motion. Fed.R.Crim.P.41(g). As this
provision makes clear, any factual determinations supporting
the Court's decision must be based on evidence received. This
requirement does not mean that a district court must conduct
an evidentiary hearing to resolve all factual disputes. It

does require, however, that the district court receive evidence to resolve all factual disputes. Such evidence may come, for example in the form of sworn affidavits or documents verifying the chain of custody of particular items.

8. The Advisory Committee Note to the 1989 amendment (the amendment that added this provision to the rule) expressly adopts the authority previously cited and makes it clear that, once the criminal proceedings are concluded, the government has no reasonable claim on property seized in connection with those proceedings:

Courts have recognized that once the government no longer has a need to use evidence, it should be returned. ...Prior to the amendment, [former] Rule 41(e) [now see Fed.R.Crim.P.41(g)] did not explicitly recognize a right of a property owner to obtain return of lawfully seized property even though the government might be able to protect its legitimate law enforcement interest in the property despite its return.. As amended, [former] Rule 41(e) [now see Fed.R.Crim.P.41(g)] provides that an aggrieved person may seek return of property that has been unlawfully seized, and a person whose property has been lawfully seized may seek return of property when aggrieved by the government's continued possession of it.. [R]reasonableness under all of the circumstances must be the test when a person seeks the return of property. ..[I]f the United States' legitimate interest can be satisfied even if the property is returned, continued retention of the property would become unreasonable.

## CONCLUSION

For the reasons set out in this memorandum, Mr.

Flournoy, Michael E. motion for an order directing the return of all seized property in the possession of the government should be granted.

Respectfully submitted,

/s/ Mr. Flournoy, Michael E. 2/21/2017

Exh A



CC - 75

**STATE OF ILLINOIS**
IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

People

EX "D"

vs.

Michael Flournoy

Case No. 12 CF/80

**FILED**

Date: 7/31/12

_Thomas A. Klein_
Clerk of the Circuit Court

By _____ Deputy
"Winnebago County"

**ORDER**

The above cause is dismissed on States' Motion.

Enter July 31 - 12          Judge Ronald / white

ASA T. Oaks

CF 5.28.07

EX D 2

**In the Circuit Court of the Seventeenth Judicial Circuit**
**Winnebago County, State of Illinois**

CC-17

People of the State of Illinois,
Plaintiff

vs.

*Michael Flournoy*
Defendant

Case No(s). 12CF2180

FILE STAMP

FILED

Date: 7, 31, 12

Thomas A. Klein
Clerk of the Circuit Court

By _____ Deputy

## ORDER

The case having been heard before this court on this date, it is HEREBY ORDERED THAT:

☐ The defendant is remanded to the custody of the Sheriff.

☐ The defendant's bond is reduced to the amount of $_____.
　☐ Personal Recognizance $_____

☐ The defendant's bond is set in the amount of $_____
　☐ Personal Recognizance $_____

☐ The defendant's bond is increased to the amount of $_____

☐ The defendant's bond is revoked.

☐ The defendant's bond motion is heard and denied.

☐ The defendant is referred for additional Pretrial Assessments.

☐ The defendant having pleed guilty or having been found guilty, the bond is revoked and the defendant is remanded to the custody of the sheriff while awaiting sentencing.

☒ The defendant is released from custody on the charges listed in this order
due to: ☐ Time Served　☐ Case Dismissed
　☐ Not Guilty　☐ Fined to fines/costs
　☐ Warrant Satisfied　☐ Other:_____

☐ When released, the defendant is to be released ONLY to Pretrial Services. (Defendant must be held until such transfer.)

☐ When released, the defendant is to be released ONLY to Probation. (Defendant must be held until such transfer.)

☒ The following cases have been dismissed: 12CF2180
on *Motion of State, ASA770*

☐ The defendant is to be held on other charges_____

☐ On defendant's motion these cases are continued to the next court date:_____

☐ Other:_____

The DEFENDANT SHALL:

☒ Comply with all standard conditions of bond if released on bail or recognizance bond.

☒ Sign all releases of information disclosing results of any testing or evaluations.

☒ Comply with any and all assessments, counseling, education, treatment or other program as recommended, including any programs offered at the RJC.

☐ Report to Pretrial Services immediately upon release, (or within 1 business day if released after hours.)

☐ Report to Probation immediately upon release, (or within 1 business day if released after hours.)

☐ Submit to a substance abuse evaluation.

☐ Submit to random urinalysis, blood tests or breathalyzer tests as directed by Pretrial Services or Probation.

☐ Submit to a mental health evaluation.

☐ Comply with a curfew from _____ to _____, if released.

☐ Have no contact with the following people/addresses: _____

☐ Attend domestic violence/anger management counseling.

☐ _____

☐ _____

☒ All other terms or conditions of bond or requirements previously ordered remain in effect unless contradicted by this order.

Any violation of the orders of this court by a person released on bail will be considered a violation of their bond and subject them to sanctions and/or further charges.

☐ The defendant, having pleed guilty or found guilty, is hereby sentenced to:
　☐ Probation (see order)
　☐ Court Supervision (see order)
　☐ Conditional Discharge (see order)

The defendant is to serve the following periods of incarceration:

☐ Department of Corrections: Years_____ Months_____ Days_____ with credit for time served_____ and the sheriff shall hold defendant until transferred to the Department of Corrections.

☐ Winnebago County Jail: Years_____ Months_____ Days_____ with credit for time served_____ and the sheriff shall hold defendant in the county jail until said sentenced is served.

☐ Periodic Imprisonment (see order)

☐ Mittimus stayed until: _____

☐ No day-for-day credit for time served shall be given defendant (See 730 ILCS 130/3).

☐ The next court date(s) are: _____

☒ The following court date(s) are cancelled: 7-31-12　time 1:30 PM　In courtroom(s) B

DATED: 7/31/12

ENTERED: _____ *Ronald Nichols*
Judge of the 17th Judicial Circuit

ASA770

TS 11-23-11



# Winnebago County Sheriff's Office Non-Arrest

## Case No. 12-048671

Report No. 12-048671.13
Report Date: 8/1/2012

Winnebago County
Sheriff's Office
650 W State St
Rockford, IL 61102
815 319-6000

**2**

Page 2 of 29

75412-000149

---

**Property Description Item 35: 9999 - Other - Black Gucci bag**

| | |
|---|---|
| Item No. | 35 |
| Property Category | 9999 - Other |
| IBR Type | 77 - Other |
| UCR Type | K - Miscellaneous |
| Status | ES - Evidence (Seized) |
| | |
| Count | 1 |
| Value | |
| Manufacturer | |
| Model | |
| Serial No. | |
| License No. | |
| Color | |
| Description | Black Gucci bag |
| Vehicle Year | |
| Body Style | |
| State | |
| License Year | |
| | |
| Recovered Date | 7/30/2012 |
| Owner | |
| Disposition | |
| Evidence Tag | |
| Alert(s) | |
| | |
| Drug Type | |
| Drug Quantity | |
| Drug Measure | |
| | |
| Property Notes | A sealed paper evidence bag containing a black Gucci bag recovered from the Honda by Kaiser. Contained a large amount of USC that was lodged seperately. |

Ex.1



# Winnebago County Sheriff's Office Non-Arrest

## Case No. **12-048671**
Report No. 12-048671.13
Report Date: 8/1/2012

Winnebago County
Sheriff's Office
650 W State St
Rockford, IL 61102
815 319-6000

**10**

---

## Property Description Item 43: 2410 - Key - several keys and opener

| | |
|---|---|
| Item No. | 43 |
| Property Category | 2410 - Key |
| IBR Type | 18 - House Goods |
| UCR Type | H - Household Goods |
| Status | ES - Evidence (Seized) |
| Count | 1 |
| Value | |
| Manufacturer | |
| Model | |
| Serial No. | |
| License No. | |
| Color | |
| Description | several keys and opener |
| Vehicle Year | |
| Body Style | |
| State | |
| License Year | |
| Recovered Date | 7/30/2012 |
| Owner | |
| Disposition | |
| Evidence Tag | |
| Alert(s) | |
| Drug Type | |
| Drug Quantity | |
| Drug Measure | |

**Property Notes** A sealed plastic evidence bag containing several keys and a garage door opener. Recovered from the Honda by Kaiser.

*Ex 1-2*





# Winnebago County Sheriff's Office Non-Arrest

## Case No. 12-048671

Report No. 12-048671.13
Report Date: 8/1/2012

Winnebago County
Sheriff's Office
650 W State St
Rockford, IL 61102
815 319-6000

**11**

Page 11 of 25

---

**Property Description Item 44: 1499 - Other Clothing - boxers, deodorant, & watch**

| | |
|---|---|
| Item No. | 44 |
| Property Category | 1499 - Other Clothing |
| IBR Type | 06 - Clothes/Furs |
| UCR Type | C - Clothing & Furs |
| Status | ES - Evidence (Seized) |
| | |
| Count | 1 |
| Value | |
| Manufacturer | |
| Model | |
| Serial No. | |
| License No. | |
| Color | |
| Description | boxers, deodorant, & watch |
| Vehicle Year | |
| Body Style | |
| State | |
| License Year | |
| | |
| Recovered Date | 7/30/2012 |
| Owner | |
| Disposition | |
| Evidence Tag | |
| Alert(s) | |
| | |
| Drug Type | |
| Drug Quantity | |
| Drug Measure | |

**Property Notes** A sealed plastic evidence bag containing black boxers, deodorant, invicta watch, metal bracelet, and several rubber bands. Recovered from the black Gucci bag by Kaiser.

Ex 1-3

---

HotRMS_CR.rtf v2f



180° Nationally Accredited    Law Enforcement Agency



# Winnebago County Sheriff's Office Non-Arrest

## Case No. 12-048671

Report No. 12-048671.13
Report Date: 8/1/2012

Winnebago County
Sheriff's Office
650 W State St
Rockford, IL 61102
815 319-6000

**13**

75412-0000160

---

**Property Description Item 46: 2102 - Bills - Misc./Assorted - $378.00 USC**

| | |
|---|---|
| Item No. | 46 |
| Property Category | 2102 - Bills - Misc./Assorted |
| IBR Type | 20 - Money |
| UCR Type | A - Currency, Notes, Etc... |
| Status | ES - Evidence (Seized) |
| | |
| Count | 1 |
| Value | |
| Manufacturer | |
| Model | |
| Serial No. | |
| License No. | |
| Color | |
| Description | $378.00 USC |
| Vehicle Year | |
| Body Style | |
| State | |
| License Year | |
| | |
| Recovered Date | 7/30/2012 |
| Owner | |
| Disposition | |
| Evidence Tag | |
| Alert(s) | |
| | |
| Drug Type | |
| Drug Quantity | |
| Drug Measure | |

Property Notes: A sealed plastic evidence bag containing $378.00 US Currency. Recovered from Flournoy's wallet by Kaiser. Money breakdown is as follows:
20-16--320
10-1--10
5-8--40            ***HOLD FOR NARCOTICS***
1-8--8
Total= 378

Ex 1-4

Nationally Accredited  Law Enforcement Agency

Printed For: _____
Printed: August 8, 2012 - 12:43 PM



# Winnebago County Sheriff's Office Non-Arrest

## Case No. **12-048671**
Report No. **12-048671.13**
Report Date: 8/1/2012

Winnebago County
Sheriff's Office
650 W State St
Rockford, IL 61102
815 319-6000

**15**

Page 15 of 29

75-412-0001 62

---

## Property Description Item 48: 2608 - Watch - silver Gucci watch

| | |
|---|---|
| Item No. | 48 |
| Property Category | 2608 - Watch |
| IBR Type | 17 - Jewelry/Precious Metals |
| UCR Type | B - Jewelry & Precious Metals |
| Status | ES - Evidence (Seized) |
| | |
| Count | 1 |
| Value | |
| Manufacturer | GUCCI |
| Model | 101M Chrono |
| Serial No. | |
| License No. | |
| Color | SIL - Silver or Aluminum |
| Description | silver Gucci watch |
| Vehicle Year | |
| Body Style | |
| State | |
| License Year | |
| | |
| Recovered Date | 7/30/2012 |
| Owner | |
| Disposition | |
| Evidence Tag | |
| Alert(s) | |
| | |
| Drug Type | |
| Drug Quantity | |
| Drug Measure | |
| | |
| Property Notes | A sealed plastic evidence bag containing a silver Gucci watch recovered from the center "cubbie" of the Honda by Kaiser. ***HOLD FOR NARCOTICS*** |

Ex 1-5



# Winnebago County Sheriff's Office Non-Arrest

## Case No. 12-048671

Report No. 12-048671.13
Report Date: 8/1/2012

Winnebago County
Sheriff's Office
650 W State St
Rockford, IL 61102
815 319-6000

**16**

---

**Property Description Item 49: 1899 - Other Document - Honda docs.**

| | |
|---|---|
| Item No. | 49 |
| Property Category | 1899 - Other Document |
| IBR Type | 77 - Other |
| UCR Type | K - Miscellaneous |
| Status | ES - Evidence (Seized) |
| | |
| Count | 2 |
| Value | |
| Manufacturer | |
| Model | |
| Serial No. | |
| License No. | |
| Color | |
| Description | Honda docs. |
| Vehicle Year | |
| Body Style | |
| State | |
| License Year | |
| | |
| Recovered Date | 7/30/2012 |
| Owner | |
| Disposition | |
| Evidence Tag | |
| Alert(s) | |
| | |
| Drug Type | |
| Drug Quantity | |
| Drug Measure | |
| | |
| Property Notes | A sealed plastic evidence bag containing documents recovered from the Honda by Kaiser. |
| | 1) Insurance card for a 2012 Honda in the name of Michael Flournoy |
| | 2) RUT-50 in the name of Michael Flournoy |

*Ex 1-b*

NetRMS_CR.rtf v2f

*IL3 Nationally Accredited    Law Enforcement Agency*

Printed For:
Printed: August 8, 2012 - 12:43 PM



## Winnebago County Sheriff's Office Non-Arrest

## Case No. 12-048671
Report No. 12-048671.13
Report Date: 8/1/2012

Winnebago County
Sheriff's Office
650 W State St.
Rockford, IL 61102
815 319-6000

**18**

Page 18 of 29

75412-000401

---

Property Description Item 51: 1500 - Cellular Phone - 4 cell phones (Flournoy)

| | |
|---|---|
| Item No. | 51 |
| Property Category | 1500 - Cellular Phone |
| BR Type | 23 - Office Equipment |
| UCR Type | E - Office Equipment |
| Status | ES - Evidence (Seized) |
| | |
| Count | 4 |
| Value | |
| Manufacturer | |
| Model | |
| Serial No. | |
| License No. | |
| Color | |
| Description | 4 cell phones (Flournoy) |
| Vehicle Year | |
| Body Style | |
| State | |
| License Year | |
| | |
| Recovered Date | 7/30/2012 |
| Owner | |
| Disposition | |
| Evidence Tag | |
| Alert(s) | |
| | |
| Drug Type | |
| Drug Quantity | |
| Drug Measure | |
| | |
| Property Notes | A sealed plastic evidence bag containing 4 cell phones recovered from the Honda by Kaiser. Phones further described on evidence bag and in case notes. |

Ex 1-7

NetRMS_CRJrtl v2l

Printed For:
Printed: August 2, 2012 - 3:03 PM

75412-000406



# Winnebago County Sheriff's Office Non-Arrest

## Case No. 12-048671
Report No. 12-048671.13
Report Date: 8/1/2012

Winnebago County
Sheriff's Office
650 W State St
Rockford, IL 61102
815 319-6000

**23**

Page 23 of 29

Property Description Item 56: 2410 - Key - keys on "Chicago" clip

| | |
|---|---|
| Item No. | 56 |
| Property Category | 2410 - Key |
| BR Type | 16 - House Goods |
| UCR Type | N - Household Goods |
| Status | ES - Evidence (Seized) |
| Count | 1 |
| Value | |
| Manufacturer | |
| Model | |
| Serial No. | |
| License No. | |
| Color | |
| Description | keys on "Chicago" clip |
| Vehicle Year | |
| Body Style | |
| State | |
| License Year | |
| Recovered Date | 7/30/2012 |
| Owner | |
| Disposition | |
| Evidence Tag | |
| Alert(s) | |
| Drug Type | |
| Drug Quantity | |
| Drug Measure | |
| Property Notes | A sealed plastic evidence bag containing several keys on a Chicago key chain. Found in the Honda by Freedlund. |

Ex 1-8

NetRMS_CR.rtf v21

Printed For:
Printed: August 2, 2012 - 3:48 PM



## Winnebago County Sheriff's Office Non-Arrest

### Case No. 12-048671

Report No. 12-048671.13
Report Date: 8/1/2012

Winnebago County
Sheriff's Office
650 W State St
Rockford, IL 61102
815 319-6000

**26**

Page 26 of 29

75412-000409

---

Property Description Item 59: 1812 - Receipt - receipt from the Honda

| | |
|---|---|
| Item No. | 59 |
| Property Category | 1812 - Receipt |
| IBR Type | 77 - Other |
| UCR Type | K - Miscellaneous |
| Status | ES - Evidence (Seized) |
| | |
| Count | 1 |
| Value | |
| Manufacturer | |
| Model | |
| Serial No. | |
| License No. | |
| Color | |
| Description | receipt from the Honda |
| Vehicle Year | |
| Body Style | |
| State | |
| License Year | |
| | |
| Recovered Date | 7/30/2012 |
| Owner | |
| Disposition | |
| Evidence Tag | |
| Alert(s) | |
| | |
| Drug Type | |
| Drug Quantity | |
| Drug Measure | |
| | |
| Property Notes | A sealed plastic evidence bag containing a Lowe's receipt from 07/13/12. Item recovered from the Honda by Kaiser. Receipt shows the purchase of the following: -acetone -square spray -dust mask -all weathre duct -nitrile gloves -2 boxes |

Ex 1-9



## Winnebago County Sheriff's Office Non-Arrest

### Case No. 12-048671
Report No. 12-048671.13
Report Date: 8/1/2012

Winnebago County
Sheriff's Office
650 W State St
Rockford, IL 61102
815 319-6000

**27**

Page 27 of 29

---

**Property Description Item 60: 1899 - Other Document - Honda Docs.**

| | |
|---|---|
| Item No. | 60 |
| Property Category | 1899 - Other Document |
| BR Type | 77 - Other |
| UCR Type | K - Miscellaneous |
| Status | ES - Evidence (Seized) |
| | |
| Count | 3 |
| Value | |
| Manufacturer | |
| Model | |
| Serial No. | |
| License No. | |
| Color | |
| Description | Honda Docs. |
| Vehicle Year | |
| Body Style | |
| State | |
| License Year | |
| | |
| Recovered Date | 7/30/2012 |
| Owner | |
| Disposition | |
| Evidence Tag | |
| Alert(s) | |
| | |
| Drug Type | |
| Drug Quantity | |
| Drug Measure | |
| | |
| Property Notes | A sealed plastic evidence bag containing documents recovered from the glove box of the Honda by Kaiser. |

1) Sprint bill for $269.62 addressed to Michael Flournoy at 732 S Grant St South Bend, IN
2) Registration for a 2012 Honda in the name of Michael Flournoy
3) Mizan Group Inc. statement for Michael Flournoy

*Ex 1-10*



# Winnebago County Sheriff's Office Non-Arrest

## Case No. 12-048671
Report No. 12-048671.13
Report Date: 8/1/2012

Winnebago County
Sheriff's Office
650 W State St
Rockford, IL 61102
815 319-6000

**29**

Page 29 of 29

75412-000412

---

### Property Description Item 62: 2501 - Driver's License - Michael Flournoy license

| | |
|---|---|
| Item No. | 62 |
| Property Category | 2501 - Driver's License |
| IBR Type | 77 - Other |
| UCR Type | K - Miscellaneous |
| Status | ES - Evidence (Seized) |
| Count | 1 |
| Value | |
| Manufacturer | |
| Model | |
| Serial No. | |
| License No. | |
| Color | |
| Description | Michael Flournoy license |
| Vehicle Year | |
| Body Style | |
| State | |
| License Year | |
| Recovered Date | 7/30/2012 |
| Owner | |
| Disposition | |
| Evidence Tag | |
| Alert(s) | |
| Drug Type | |
| Drug Quantity | |
| Drug Measure | |
| Property Notes | A sealed plastic evidence bag containing an Illinois license for Michael Flournoy 06/20/1975. Recovered from Flournoy's wallet by Kaiser. |

---

### Offense Detail: 2050 - CONTROLLED SUB.ACT:CRIMINAL DRUG CONSPIRACY

| | | |
|---|---|---|
| Offense Description | 2050 - CONTROLLED SUB.ACT:CRIMINAL DRUG CONSPIRACY | |
| IBR Code | Location | 18 - Parking Lot/Garage |
| IBR Group | Offense Completed? | Yes |
| Crime Against | Hate/Bias | 88 - None (No Bias) |
| Using | Domestic Violence | No |
| Criminal Activity | Method Code | 410 - OTHER METHOD (NOT LISTED) |
| Weapons/Force | | |
| Report Narrative | | |

No. Prem. Entered
Entry Method
Type Security
Tools Used

*Ex 1-11*

Printed For
Printed: August 2, 2012 - 3:48 PM

Case: 1-18-cv-5021 Document 30-1 Filed: 06/01/18 Page 25 of 33 PageID #:258

FD-302 (Rev. 5-8-10)

Ex.2

**FEDERAL BUREAU OF INVESTIGATION**

75412-000424

Date of entry _____ 07/16/2013

On 7/11/2013, the writer retrieved evidence items from Winnebago County Sheriff's Police (WCSP) evidence custodian Julie Dodd. Two WCSP Custody Receipts detailing these evidence items (one inventory of 39 items with a 'Released To' time of 9:33am and one inventory of 1 item with a 'Released To' time of 10:37am) were printed and placed into a FD-340 (1a envelope) with the case file.

Certain WCSP evidence items were unsealed by the writer and subsequently resealed according to FBI procedures. Certain items were separated from their original WCSP evidence packing – each of these items was resealed and re-labeled referencing its WCSP item number. See details below:

WCSP Evidence Item 21 (9 misc. cell phones) – Each phone was stored separately as 1B90 through 1B98.

WCSP Evidence Item 22 (Ubaldo Sanchez docs) – Illinois drivers license for Ubaldo Sanchez was stored separately as 1B85.

WCSP Evidence Item 41 (2 cell phones) – Each phone stored separately as 1B77 and 1B100.

WCSP Evidence Item 45 (Boxers, deodorant & watch) – A silver colored Invicta watch was stored separately as 1B87. A black and silver colored linked metal chain was stored separated as 1B88.

WCSP Evidence Item 62 (Black leather wallet and contents) – A 100 peso bill in Mexican currency located inside the black wallet was stored separately as 1B101.

WCSP Evidence Item 69 ($776 USC) – This item was unsealed and recounted by SA Heatherman and SA Jackowski. Both SA Heatherman and SA Jackowski counted $776 USD (matching the dollar count made by WCSP). The money and WCSP evidence bag were resealed into a clear plastic evidence bag and stored as 1B71.

WCSP Evidence Items 20, 27, 28, 40 – These four items contained drug evidence. SA Heatherman, with SA King as a witness, placed the sealed WCSP

| Investigation on | 07/11/2013 | at Rockford, Illinois, United States (In Person) | |
|---|---|---|---|
| File # | 245C-CG-131756 | | Date drafted 07/17/2013 |
| by | Terence James Heatherman, Wayne E. Jackowski, Adam P. King | | |

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

Ex 2-2

75412-0000425

FD-302a (Rev. 05-08-10)

245C-CG-131756

Continuation of FD-302 of  Retrieved evidence from WCSP.        , On   07/11/2013   , Page   2 of 2

   evidence item (including packing) inside a clear plastic evidence bag then
   heat sealed, weighed, and labeled the outer bag.  These items were stored
   as 1B55, 1B54, 1B52, and 1B53 respectively.

   All items were stored inside the FBI Rockford Evidence Room.

Case: 1:18-cv-50212 Document #: 1 Filed: 06/19/18 Page 27 of 33 PageID #:27

### Case No. 12-048671

Report No. 12-048671.16

Report Date: 8/18/2012

Winnebago County
Sheriff's Office
650 W State St
Rockford, IL 01102
815 319-6000



Page 2 of 2

| Using Criminal Activity | | Domestic Violence Method Code | No | Type Security | |
|---|---|---|---|---|---|
| Weapons/Force | | | 410 - OTHER METHOD (NOT LISTED) | Tools Used | |

**Report Narrative**

Personal Notes and attachment consisting of copy of Application and Affidavit for Search Warrant in United States District Court - Northern District of Illinois, Western Division.

Friday, 8.03.2012 1104 hrs. while at the Crime Scene Office I received from Winnebago County Sheriff's Police Narcotics Deputy Brad Kaiser three (3) plastic bags containing mobile phones. The plastic bags had been tagged with evidence item tags' #041, #052, #054 - a total of seven (7) mobile phones. Deputy Kaiser advised that a federal search warrant had been obtained to search five (5) of these phones and that additional two (2) other phones a consent to search had been obtained for them to conduct further search(es).

I utilized the Cellebrite UFED Mobile Phone Examiner and was able to examine all phones except two (2). The two unexamined phones were in a locked state and their codes unretrievable through UFED. This consisted of the Apple i-phone and Samsung Galaxy.

I placed all reports of the read phones in there respective folders pertaining to their evidence item number (i.e. Item #041, Item #052, & Item #054) and placed this evidence onto CD and into Winnebago County Evidence/Property (Item #066 of this report).

Additionally, a copy of this information was provided back to the FBI.

Items' #041, #052, & #054 were then returned to Winnebago County Evidence/Property.

No further action or information at this time.

$Ex.3$

**RETURN**

| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |
|---|---|---|
| July 31, 2012 | August 14, 2012, 1:28 PM | |

INVENTORY MADE IN THE PRESENCE OF

WCSP Deputy Brad Kaiser

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

Investigating Agents conducted a search of the phones listed in Attachment A. The phones listed in Attachment A were (seized) as evidence. See additional attachments. No records were obtained from item 4 an attachment A.

**CERTIFICATION**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____          _____

U.S. Judge or Magistrate                    Date

Ex3-2

## ATTACHMENT A

# DESCRIPTION OF ITEMS TO BE SEARCHED

Five cellular telephones identified as follows:

1. one gray Samsung flip-style cellular telephone, model number SCH-U365, and bearing HEX number A00000392A01F6;

2. one black Motorola I475 cellular telephone, model number H79XAN6QRZAN, bearing serial number 364VMN669F;

3. one black Samsung Galaxy cellular telephone, model number SGH-1897, bearing serial number R2CB159302M;

4. one black Apple I-Phone cellular telephone, model number A1387, and bearing FCC ID number BCG-E2430A; and

5. one gray Samsung flip-style cellular telephone, model number SCH-U365, and bearing HEX number A00000392A80F5

*Ex 3-3*

## UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
#### Receipt for Property Received/Returned/Released/Seized



File # 245C-CG-131756

On (date) 07/31/2012

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name) Leslie Flournoy

(Street Address) 10927 S. Harvard Ave

(City) Chicago

Description of Item(s):

1) Hand gun barrel with grooves - Garage
2) Rossi/ Revolver - Garage
3) Meghann safe - Basement office desk
4) EYE ON Surveillance Camera Recorder
   serial # 808B609A00080 - Basement office desk
5) Commercial Lease for 3350 E. 105th St
   document - Basement Office on desk
6) Press - Outside of Garage

Received By: _____ (Signature)   Received From: _____ (Signature)

AO 245B · (Rev. 09/11) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT:  Michael Flournoy
CASE NUMBER:  12 CR 50044-3

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  [ ]  Lump sum payment of $ _____ due immediately, balance due

    [ ]  not later than _____ , or
    [ ]  in accordance    [ ] C,   [ ] D,   [ ]   E, or   [ ] F below; or

B  [✓]  Payment to begin immediately (may be combined with   [ ] C,    [ ] D, or   [ ] F below); or

C  [ ]  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
     term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
     imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [ ]  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]  Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Ex.5

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

## CERTIFICATE OF SERVICE

I certify that a copy of this Motion for Return of Seized Property Rule 41(g) was sent by

pre-paid postage on February 27, 2017 before 5:00p.m. to:


Clerk of Court                          John G. McKenzie
United States Courthouse                Assistant U.S States Attorney
327 S. Church Street                    327 S. Church St – Room 3300
Rockford, IL 61101                      Rockford, IL 61101

cc: Zachary T. Fardon
    Excecutive Office for U.S. Attorneys
    U.S. Department of Justice
    950 Pennsylvania Ave, NW
    Room 2242
    Washington, DC 20530-0001

# PRIORITY
## ★ MAIL ★



📅 DATE OF DELIVERY SPECIFIED *

**Expected Delivery Day: 03/01/2017**

## USPS TRACKING NUMBER

9505 5103 5452 7058 0366 66

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.



**FROM:**
Michael Flournoy-
Chili County JAIL
PO Box 217
Oregon, IL 61061

**TO:**
Clerk of Court
U.S. Courthouse
327 S. Church St
Rockford, IL 61101



FOR DOMESTIC AND INTERNATIONAL USE

UNITED STATES
POSTAL SERVICE ®

VISIT US AT USPS.COM ®
ORDER FREE SUPPLIES ONLINE

P S 0 0 0 0 1 0 0 0 0 1 4

EP14F July 2013
OD: 12.5 x 9.5

This envelope is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.

UNITED STATES
POSTAL SERVICE ®